IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-519-BO

| | |
|---|---|
| KAREN DODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 18, 20]. A hearing on this matter was held in Elizabeth City, North Carolina on May 6, 2014 at 11:30 a.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On July 28, 2010, Ms. Dodge protectively filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges disability beginning on November 2, 2009, due to fibromyalgia and pelvic pain. The application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on February 15, 2012 and the ALJ issued a decision denying the claim. On May 17, 2013, the Appeals Council denied review thereby rendering the ALJ's decision the final decision of the Commissioner. Plaintiff now requests judicial review pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Ms. Dodge sees a family practitioner, Dr. Watson, for her fibromyalgia treatment and wears a TENS unit to help with her back pain. [Tr. 40, 42]. She also sees a chiropractor. [Tr. 50].

In 1990, Ms. Dodge had a hysterectomy. [Tr. 250, 281]. In 1992, Dr. Ross first suspected that Ms. Dodge had fibromyalgia and noted that she had tenderness at 12 of the 18 fibromyalgia trigger points and that he did not believe that she had an inflammatory type of arthritis. [Tr. 238–40]. In 2006, Ms. Dodge had surgery to remove pelvic adhesions and her pre-operative exam found her to be generally healthy. [Tr. 34, 44, 346, 348–49, 251]. In November 2007, a MRI showed that Ms. Dodge had mild relative loss of disc signal at L4-L5 and L5-S1 and showed mild annular bulging at L5-S1. [Tr. 244]. In October 2008, Ms. Dodge had bronchitis, but indicated that she was active and exercised. [Tr. 264].

On December 1, 2008, Ms. Dodge saw Dr. Watson for pain "which began years ago" that was aggravated by over activity and fatigue, and was relieved by exercise and adequate rest. [Tr. 268]. She was prescribed Neurontin and was told to increase her dosage the next month. [Tr. 270].On July 30, 2009, Ms. Dodge complained of back pain, but had normal strength and distal sensation, and a negative straight leg raising test. Dr. Watson suggested conservative treatment with the possibility of physical therapy. [Tr. 275]. On October 6, 2009, Ms. Dodge had shoulder pain and was prescribed Motrin and Norflex. [Tr. 276].

A February 2011 report from a chiropractor showed Ms. Dodge complaining of pain with upper and lower extremity reflexes normal and a decreased cervical range of motion. She was told to rest and use ice. [Tr. 290]. Ms. Dodge continued to see her chiropractor throughout 2011 with a December 20, 2011 note stating that Ms. Dodge had improved with continued moderate soreness and stiffness and that the trigger points had diminished somewhat. [Tr. 301]. In

response to a request from Ms. Dodge's then attorney, Dr. Watson provided a letter stating that he believed Ms. Dodge was completely and totally disabled. [Tr. 306].

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff alleges that the ALJ erred by improperly considering the medical evidence. Specifically, plaintiff alleges that the ALJ improperly evaluated Dr. Watson's opinion from February 2012 in which he explained why he thought plaintiff was disabled. However, a review of the record and the ALJ's decision shows that the decision was properly supported by substantial evidence and that he did not err in his consideration of the medical evidence.

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b). A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and

3

severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

The ALJ properly accounted for the letter opinion of Dr. Watson and credited his statements that were consistent with the other evidence of record. [Tr. 22–23]. The ALJ also properly noted that Dr. Watson's opinion was deserving of little weight because it was formed after plaintiff's date last insured and was not entirely consistent with the other evidence of record. [Tr. 23]. Specifically, the ALJ agreed with Dr. Watson that Ms. Dodge has fibromyalgia and pelvic pain, finding those two impairments to be severe under the regulations. [Tr. 20]. The disc protrusion cited by Dr. Watson which was evident in a 2007 MRI [Tr. 244], was discussed by the ALJ when he determined it was not a severe impairment. [*Id.*]. The ALJ noted that 2009 exam results when Ms. Dodge complained of back pain showed her to have a normal range of motion, a negative straight leg test, and normal reflexes. [Tr. 20].

Regarding Ms. Dodge's fibromyalgia, the ALJ noted that her treatment consisted only of medication and that she did not report fibromyalgia type pain on numerous occasions between 2010 and 2011. [Tr. 22]. Further, Ms. Dodge's own testimony shows that she is not terribly limited by her condition. [Tr. 22]. Finally, there is no evidence in the record that plaintiff attempted to have her fibromyalgia treated by a specialist. Plaintiff had surgery to treat her pelvic pain and rarely mentioned pelvic pain since that time. [Tr. 22–23]. The ALJ recognized the limitations Ms. Dodge did have because of her conditions and limited her to an RFC of sedentary with additional restriction. [Tr. 23]. The evidence supports the ALJ's finding that Ms. Dodge's condition was not as acute as she claimed. It is clear that the ALJ considered all of the evidence, discussed the evidence in the context of his RFC finding and explained why he arrived at his

4

RFC determination. In doing so, he demonstrates that Dr. Watson's February 2012 letter is not consistent with the evidence in the record as it opines that Ms. Dodge is totally disabled and that she cannot perform sedentary work, whereas the evidence in the record supports an RFC of sedentary.

Plaintiff also alleges that the ALJ erred by not discussing Ms. Dodge's chiropractor's opinion that she was disabled. [Tr. 301–02]. However, such an opinion from a chiropractor is not entitled to any special weight. First, disability is a finding reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2). Second, chiropractors are not acceptable medical sources and cannot provide a medical opinion. 20 C.F.R. §§ 404.1513, 404.1527(a)(2). Therefore, the chiropractor's statement is simply evidence like any other evidence in the record that is not a medical opinion. The chiropractor's statement does not demonstrate that the ALJ's decision is not supported by substantial evidence in the record.

Because substantial evidence in the record supports the ALJ's RFC determination and overall decision, the final decision of the Commissioner is affirmed.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the __17__ day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE